ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

NICHOLAS W. GRIFFIN,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Criminal Action No.
5:05-CR-40

**PLEA AGREEMENT**

U.S. DISTRICT COURT
FILED
SEP 28 2005
AT____ O'CLOCK
Lawrence K. Baerman,

GLENN T. SUDDABY, United States Attorney for the Northern District of New York (by Richard R. Southwick, appearing) and NICHOLAS W. GRIFFIN (with Emil M. Rossi, Esq., appearing) hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against the Defendant.

1.  In return for the consideration described below, NICHOLAS W. GRIFFIN agrees as follows:

    a.  The Defendant will enter a plea of "Guilty" to Counts 1 and 2 of a criminal Information charging him with production of false identification documents, in violation of Title 18, United States Code, Section 1028 (a) (1) (felony) and illegal use of social security numbers, in violation of Title 42 United States Code 408(a)(7)(B) (felony).

    b.  The Defendant consents to the entry of an order directing him to pay restitution in full to any person or entity who would qualify as a victim, under 18 U.S.C. § 3663 or § 3663A, of the above referenced offense(s), whether or not the offense(s) are encompassed in the offense of conviction.

2.  <u>Potential Penalties</u>. NICHOLAS W. GRIFFIN understands that his guilty plea to the violations of Title 18, United States Code, Section 1028 (a)(1) and Title 42, United States Code, Section 408(a)(7)(B) will subject him to the following potential penalties:

a.  **Maximum term of Imprisonment (Count 1)**:  15 years.  (18 U.S.C. § 1028 (b) (1)(a)).

b.  **Maximum term of Imprisonment (Count 2)**:  5 years. (42 U.S.C. § 408).

c.  **Supervised Release**:  In addition to imposing any other penalty, the sentencing Court may require the Defendant to serve a term of supervised release of up to three (3) years, to begin at the expiration of any term of imprisonment imposed upon him. (18 U.S.C. § 3583)  Should the Defendant be placed on a term of supervised release and subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to two (2) years imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above.  Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

d.  **Maximum fine**:  $250,000.00 on each count.  (18 U.S.C. § 3571(b)(3)).  In its discretion, the Court may impose an alternative fine of the greater of twice the pecuniary gain to the Defendant or loss to any victim resulting from the offense of conviction.  (18 U.S.C. § 3571(d)).

e.  **Mandatory Restitution**:  Pursuant to the Mandatory Victim Restitution Act, the sentencing Court must order that the Defendant pay restitution to any victim of the offense of conviction.  (18 U.S.C. § 3663(a)).

f.  **Special Assessment**:  The Defendant will be required to pay an assessment of $100 on each count, which is due and payable at or before the time of

sentencing (18 U.S.C. § 3013). The Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $200, payable to the U.S. District Court at the time of sentencing.

  g. **Interest and penalties**: Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the Defendant's sentence, from as early as the date of sentencing.

  h. **Collateral Consequences:** Both offenses to which the defendant will plead guilty are felonies. Conviction of a felony may result in the loss of certain civil rights, including, but not limited to, the right to vote or the right to possess firearms and/or hold public office.

  3. Nicholas W. Griffin understands that the sentence to be imposed upon him is within the discretion of the sentencing Court, subject to the statutory maximum penalties and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by *United States v. Booker* and *United States v. Fanfan*, 534 U.S. ___, 125 S. Ct. 738 (January 12, 2005). In imposing the sentence, the Court must take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). While the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors.

  4. **Elements of the Offense**.

  a. NICHOLAS W. GRIFFIN understands that the legal elements of the offense stated in Count 1, Title 18, United States Code, Section 1028 (a)(1), are as follows: a) The defendant knowingly produced an identification document b) the defendant

3

knew the identification document was produced without lawful authority c) The identification document was or appeared to be issued by or under the authority of the United States of America.

  b. NICHOLAS W. GRIFFIN understands that the legal elements of the offense stated in Count 2, Title 42, United States Code, Section 408 (a)(7)(B), are as follows: a) The defendant falsely represented a number to be the social security account number assigned by the commissioner of Social Security to another person b) The number was not the Social Security Account number assigned by the Commissioner of Social Security to said person c) The defendant made the false representation for the purpose of and with the intent to deceive another.

  5. **Factual Basis for the Plea**. NICHOLAS W. GRIFFIN admits the following facts, which establish his guilt on the offense stated in Count 1 of an information charging a violation of Title 18, United States Code, Section 1028 (a) (1), and Count 2 of the Information charging a violation of Title 42 United States Code Section 408:

  a. During the Spring of 2003 up until the month of December 2004, Nicholas W. Griffin, without lawful authority, produced false and fraudulent identification documents which appeared to be identification documents or authentication features issued under the authority of the United States. Specifically, during the period of time, Nicholas W. Griffin produced what appeared to be false and fraudulent United States Military photo identification cards. The materials used to produce these false and fraudulent identification documents were obtained when Nicholas W. Griffin stole U.S. Military identification card stock and laminate from the U.S. Naval Reserve Center in Mattydale, New York. He then used this material to make false and fraudulent documents

4

which appeared to be U.S. Coast Guard, Navy, and Army Military identification documents. The false and fraudulent identification documents bore the seals, insignia and markings of the United States, including the great seal and the seals, markings and names of the United States uniformed military service branches. The Defendant created three (3) of these false and fraudulent military identification documents to include three (3) false and fraudulent social security numbers. The social security numbers on these false identification documents were not issued to the named bearer of the false identification documents by the United States Social Security Administration.

6. The Defendant agrees that the sentencing Court may make factual findings, by a preponderance of the evidence, with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines (without regard to whether they are ultimately deemed to be "elements" of the offense(s) of conviction), whether or not such factors or issues have been admitted by the Defendant or stipulated by the parties. In making those findings, the Court may consider any reliable evidence, including hearsay. The Defendant consents to the determination of his sentence based upon such judicial fact-finding and knowingly and voluntarily waives any right to have any such sentencing factors or issues charged in the Indictment/Information or presented to and determined by a jury beyond a reasonable doubt.

7. The Defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth above, shall be admissible and useable against the Defendant by the United States in any subsequent criminal or civil proceeding, even if he fails to enter a guilty plea pursuant to this Agreement, or if such a guilty plea is later vacated or withdrawn. The Defendant waives any rights under Fed. R.

Crim. P. 11(e) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with this Agreement generally.

8.  In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees fully to disclose all assets in which she has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The Defendant promises that her financial statement and disclosures will be complete, accurate and truthful.

9.  In exchange for the pleas of guilty to violations of Title 18, United States Code, Section 1028 (a) (1) and Title 42 United States Code Section 408 (a)(7)(B) and his continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

a.  It will bring no further federal criminal charges against the Defendant relating to his production of false military identification and illegal use of social security numbers, as charged in the information.

b.  If the guilty plea to one count of violating Title 18, United States Code, Section 1028 (a)(1) and one count of violating Title 42 United States Code Section 408 (a)(7)(B) are later withdrawn or vacated, the charges dismissed or not prosecuted pursuant to subparagraph 9a of this Agreement may be reinstated and prosecuted, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the reinstatement of any such charges. The Defendant waives any defense or objection to the

reinstatement and prosecution of any such charges that are not time-barred by the applicable statute of limitations as to the date of this Agreement.

    c.    It reserves the right to recommend a specific sentence within the applicable Guidelines range determined by the Court.

    d.    The United States Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within the count of conviction.

    10.    The United States Attorney's Office and NICHOLAS W. GRIFFIN agree to stipulate at sentencing to the statements set forth in paragraphs below. It is understood, however, that the agreement to stipulate cannot and does not bind the sentencing Court, which may make independent factual findings and reject any or all stipulations presented by the parties. Such a determination that a stipulation is not binding on the Court will not be the basis for the withdrawal of a plea of guilty by the Defendant, and will not release either the United States Attorney's Office or the Defendant from any other portion of this Agreement, including any other stipulations agreed to herein. To the extent the stipulations below do not reflect agreement on any factor potentially affecting the Sentencing Guidelines range applicable to the Defendant, the Defendant and the United States Attorney's Office each expressly reserves the right to advocate if, and how, any such factor applies under the Sentencing Guidelines.

    a.    If the Defendant demonstrates "acceptance of responsibility" for the offense of conviction through the time of sentencing, the United States Attorney's Office will recommend a downward adjustment pursuant to U.S.S.G. §§ 3E1.1(a).

b.	The Defendant's Criminal History Category cannot be definitively determined prior to the completion of the presentence investigation.

11.	Should the United States Attorney's Office determine that the Defendant, after the date of this Plea Agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged);and/or (ii) has otherwise breached any condition of this Agreement, the United States Attorney's Office will have the right, in its sole discretion, to void this Agreement, in whole or in part.  In the event of any such breach, the Defendant will not be permitted to withdraw his guilty plea under this Agreement, but will thereafter be subject to prosecution for any federal criminal violation of which the United States Attorney's Office has knowledge, including but not limited to charges that this Office has agreed to dismiss or has agreed not to prosecute in paragraph 9a of this Agreement.

a.	The Defendant waives any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecution.

b.	In the event of any such breach by the Defendant, the U.S. Attorney's Office will have the right, in its sole discretion, to do the following, notwithstanding any contrary provision or stipulation in this Plea Agreement:

> i.	to advocate if, and how, any particular adjustment or specific offense characteristic affects the applicable Sentencing Guidelines range;

    ii. to recommend a specific sentence of imprisonment within or above the applicable Sentencing Guidelines range determined by the Court.

12. This Agreement is limited to the United States Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities. Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant.

13. The Court is neither a party to, nor bound by this Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the U.S. Probation Office.

  a. If the Court rejects the provisions of this Agreement permitting the Defendant to plead guilty to Counts 1 and 2 of the Information in satisfaction of other charges, which provisions were negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(A), the Court will afford the Defendant an opportunity to withdraw his plea of guilty prior to sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

  b. The Court is not bound by any recommendation, stipulation, or request made by the parties, pursuant to Fed. R. Crim. P. 11(c)(1)(B), as to the appropriate sentence, and the Defendant may not withdraw his plea of guilty if the Court declines to follow any such recommendation, stipulation, or request. The U.S. Attorney's Office reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the Defendant's sentence,

whether or not such decision is consistent with this Office's recommendations, stipulations, or requests.

14.  The Defendant acknowledges that he has read each of the provisions of the entire Plea Agreement with the assistance of counsel and understands its provisions.

   a.  The Defendant understands his right to assistance of counsel at every stage of the proceeding and has discussed his constitutional and other rights with defense counsel. The Defendant understands that by entering a plea of guilty, he will be giving up his rights (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present evidence in his defense; and (vi) to remain silent and refuse to be a witness against himself by asserting the privilege against self-incrimination.

   b.  The Defendant has been advised by defense counsel of the nature of the charges to which he is entering guilty pleas and the nature and range of the possible sentences. The Defendant understands the sentencing Court's obligation to consider the United States Sentencing Guidelines (as explained further in paragraph 3 above) and the Court's discretion to depart from those Guidelines under some circumstances or otherwise to impose a reasonable sentence outside of the applicable Sentencing Guidelines range.

15.  **Waiver of Appeal and Collateral Attack**.  The Defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case, including by a challenge based upon *United States v. Booker* and *United States v. Fanfan*, 534 U.S. ___, 125 S. Ct. 738 (January 12, 2005) and their progeny. The Defendant waives any and

all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 6 months or less, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed. The Defendant acknowledges that the number of months specified above is not a promise of any particular sentence and is not binding on the Court. The Defendant agrees that, should the sentence imposed exceed 6 months, this would not permit him to withdraw his guilty plea or to appeal or collaterally attack his conviction, but would merely allow the Defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.

16. No promises, agreements or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless memorialized in writing and signed by all parties. This Agreement, to become effective, must be signed by all of the parties listed below.

GLENN T. SUDDABY
United States Attorney
Northern District of New York

Dated: Sept 28, 2005

By: Richard R. Southwick
Assistant U.S. Attorney
Bar Roll No. 506265

Dated: SEPT 28, 2005

NICHOLAS W. GRIFFIN
Defendant

Dated: Sept 28, 2005

Emil M. Rossi, Esq.
Attorney for the Defendant
Bar Roll No. _____

11